UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 NOV 29 PM 3: 25

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| MITCHELL BOWEN, | } |
| **Petitioner,** | } |
| v. | } |
| THOMAS J. DONOVAN, | } |
| **Attorney General of the State** | } |
| **of Vermont,** | } |
| **Respondent.** | } |

No. 2:17-CV-239

## MEMORANDUM OF LAW IN SUPPORT OF PETITION
## FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Now comes Mitchell Bowen, by and through Jill Paul Martin and Seth Lipschutz,

Prisoners' Rights Office, and, pursuant to 28 U.S.C. §2554, petitions this Court for a writ

of habeas corpus to vacate his Vermont conviction and sentence. The reasons therefore

are set forth below.

## BACKGROUND

Mr. Bowen pled guilty to sexual assault on a minor on January 15, 2015 in

exchange for a capped sentence of two to fifteen years to serve. Printed Case of the

Appellant (P.C), *In re Bowen*, 2017 WL 5128778, *unpub.*, 16:113-13, 18:8-17 (attached).

Thereafter, on March 22, 2016, the State requested imposition of the capped

sentence. *Id.*, at 28:11-12. Defense counsel requested two to eight years, all suspended

but one year to serve. *Id.*, at 36:5-6. Of course, there was always the possibility that Mr.

Bowen might serve more than the minimum; in fact, it was explicitly acknowledged by

the defense. *Id.*, at 38:19—39:2. Nevertheless, Mr. Bowen expressed his willingness to

comply with all aspects of any mandated programming and treatment in his allocation to the sentencing court. *Id.*, at 39:5-46:10.

In imposing sentence, the sentencing court specifically noted that the minimum "must be no longer than two years..." *Id.*, at 53:23-25. Mr. Bowen then requested further clarification, and the court complied:

> THE DEFENDANT: So the minimum I could serve is the two years?
> THE COURT: That is correct.

*Id.*, at 55:5-7.

Months later, the Vermont Department of Corrections ("DOC") deemed Mr. Bowen "high risk." *Id.*, at 69. DOC affirmed the finding in its administrative appeal decision of January 9, 2017. This made Mr. Bowen subject to the strictures of 28 V.S.A. § 204b:

> A person who is sentenced to an incarcerative sentence for a violation of any of the offenses listen in subsection 204(a) of this title and who is designated by the Department of Corrections as high risk pursuant to 13 V.S.A. §5411b while serving his or her sentence shall not be eligible for parole, furlough or any other type of early release until the expiration of 70 percent of his or her maximum sentence.

Thus, some two years after Mr. Bowen pleaded guilty in exchange for a two year minimum sentence, his minimum sentence was increased from two years to over five and one half years via operation of the so called 70% rule.

Thereafter, Mr. Bowen filed a state petition for post-conviction relief, alleging that he did not receive the benefit of his plea bargain in violation of the United States Constitution. P.C., at 10. He relied upon a prior Vermont post-conviction trial court opinion, in which the PCR court granted relief in the exact same circumstances: *In re*

2

*Ritchey*, No. 659-7-15 Cncv (Vt. Sup. Ct., Nov. 17, 2016) (Mello, J.). P.C. 75-78. Of

special note is the *Ritchey* court's statements that:

> This had the effect of increasing Petitioner's minimum sentence from 2
> years to 3 ½ years . . . Clearly, DOC's invocation of the 70% rules in this
> case had the effect of increasing Petitioner's minimum sentence . . .
> DOC's action unquestionably increased the minimum amount of time
> Petitioner will have to spend in jail from 2 years to 3 ½ years, in
> contravention of his plea agreements.

*Id.*

The state PCR court denied relief, reasoning that it was always possible that Mr.

Bowen might serve more than the minimum sentence. P.C., at 3-6. It expressly disagreed

with the reasoning set forth in the *Ritchey* opinion. P.C., at 6. The Vermont Supreme

Court affirmed, opining that Mr. Bowen "offered no evidence that he was misinformed

regarding his parole eligibility." *In re Bowen*, at *2.

## DISCUSSION

**I.**   **The Vermont Supreme Court's decision is contrary to clearly established**
**federal law as established by the United States Supreme Court.**

"When a plea rests in any significant degree on a promise or agreement of the

prosecutor, so that it can be said to be part of the inducement or consideration, such

promise must be fulfilled... That the breach of agreement was inadvertent does not lessen

its impact." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The Supreme Court has

continuously reaffirmed this basic principle set forth in *Santobello*, most recently in

*Kernan v. Cuero*, __U.S.__, 2017 WL 5076049 (Nov. 6, 2017). While the remedy of plea

withdrawal versus specific performance might depend upon the factual circumstances of

an individual case, the bedrock holding of *Santobello* has remained undisputed for over

forty-five years.

3

This case bears a remarkable similarity to *Quintana v. Gate*, 88 F. Supp. 3d 1102 (C.D. Cal. 2015). In *Quintana*, the defendant pled guilty with an understanding "that [he] would be eligible for parole after completing 80% of his twenty-five year [minimum] sentence." *Id.*, at 1107. Only later did he learn that California law required him to serve twenty-five years prior to parole eligibility. *Id.*, at 1110-11. Regardless of that, the California courts "den[ied] habeas relief because specific performance of the plea agreement would violate California sentencing law." *Id.*, at 1107. The State argued "that allowing Petitioner to withdraw his plea would be 'prejudicial to both the People and the Petitioner. If Petitioner is allowed to withdraw his plea and go to trial, the People will have to resurrect a 13 year old case and prepare it for trial.'" *Id.*, at 1112 (internal citations omitted). Nonetheless, at least the state court "offered Petitioner an opportunity to withdraw his plea." *Id.*, at 1113. In sum, in *Quintana* "[p]etitioner was explicitly promised that he would be eligible for parole after serving 80% of his twenty-five year to life term. Petitioner relied on that promise in entering his guilty plea and the promise was an inducement for his decision to plead guilty." *Id.*, at 1121.

Likewise, Mr. Bowen was promised that he would be eligible for parole after serving two years. As in *Quintana*, operation of Vermont statutory law negated that promise. That requires that he be given the opportunity to withdraw his plea. The Vermont Supreme Court's decision to the contrary violated clearly established United State Supreme Court precedent as set forth in *Santobello* and its progeny.

**[NO FURTHER TEXT ON THIS PAGE]**

## CONCLUSION

Mr. Bowen requests that this Court grant his petition for a writ of habeas corpus, and order the State of Vermont to give him the opportunity to withdraw his plea of guilty.

Dates in Montpelier, Vermont, this _29_ day of November, 2017.


Seth Lipschutz, Esq.
Prisoners' Rights Office
6 Baldwin St., 4th Fl.
Montpelier, VT 05633


Jill Paul Martin, Esq.
Prisoners' Rights Office
6 Baldwin St., 4th Fl.
Montpelier, VT 05633


Cc:     David Tartter, Esq.,
        Mitchell Bowen